```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANCISCO LORA,                                            :
                                                               03 Cr. 134
                Movant,                                    :   07 Civ. 6936 (JSR) (GWG)

        -v.-                                               :   REPORT AND
                                                               RECOMMENDATION
UNITED STATES OF AMERICA                                   :

                Respondent.                                :
-----------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On June 2, 2005, Francisco Lora pled guilty to a drug conspiracy charge, 21 U.S.C. § 846. Lora was sentenced principally to 120 months imprisonment. A judgment of conviction was filed on June 13, 2005, and entered on the docket on October 17, 2005 (Docket # 63 in 03 Cr. 134).

On June 14, 2007, the Pro Se Office received from Lora a "Motion for reduction of sentence to the go[v]ernment[;] used illegal process for establish prior conviction of defendant," filed Aug. 2, 2007 (Docket #1 in 07 Civ. 6936) ("Motion"). The basis for this motion is asserted to be 18 U.S.C. § 851(e) – presumably a reference to 21 U.S.C. § 851(e), which deals with the use of prior convictions in sentencing for drug crimes. Id. Lora also refers to 18 U.S.C. § 3742 – a statute governing appeals. Id. His arguments in support of the motion assert that his sentence should not have been enhanced by a prior conviction and that his counsel was ineffective for failing to object to and file a notice of appeal on the basis of this enhancement. Id., ¶¶ 1-6.[1]

---

[1] Lora also filed a pro se notice of appeal in April 2007. That appeal is now pending before the Second Circuit, though that court recently issued an order requiring to Lora to show cause why the appeal should not be dismissed as untimely. See Order, filed October 17, 2007

On August 2, 2007, Chief Judge Kimba M. Wood issued an Order stating that, based on the relief he was seeking, Lora's motion could only be construed as a motion – commonly referred to as a "petition" for habeas corpus relief – under 28 U.S.C. § 2255.  See Order, filed Aug. 2, 2007 (Docket #2) ("Order"), at 1.  The Order also noted that such a petition was presumably time-barred as it was not filed within the one-year limitation period provided in 28 U.S.C. § 2255.  Id. at 4.[2]  In light of the ban against successive petitions under 28 U.S.C. § 2255, the Order informed Lora that he should either submit an affirmation withdrawing the motion or stating his desire to pursue his claim as a motion (that is, a petition) under 28 U.S.C. § 2255.  Id. at 4; see also Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless . . . (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.").

The Court's Order gave Lora 60 days to withdraw his motion or to affirmatively state his desire to pursue his case as a petition under 28 U.S.C. § 2255.  Order at 4.  That time period expired on October 1, 2007.  There is no record of Lora having submitted any document to the Court since the issuance of the August 2 Order – let alone the required affirmation.  The August 2 Order specifically informed Lora that if he failed to comply with its terms, his petition would be dismissed as time-barred under 28 U.S.C. § 2255.  Order at 5.  Accordingly, Lora's filing

---

(2d Cir. Docket # 07-2582).

[2] Lora's judgment of conviction became final on October 28, 2005, when his time to appeal expired under Fed. R. App. P. 4(b).

should be construed as a motion pursuant to 28 U.S.C. § 2255 and should be dismissed as time-barred.

Conclusion

Lora's motion to vacate his sentence should be dismissed.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 19, 2007
      New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

Francisco Lora
08578-054
CI Moshannon Valley
Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866

Hon. Jed S. Rakoff
United States District Judge

should be construed as a motion pursuant to 28 U.S.C. § 2255 and should be dismissed as time-barred.

Conclusion

Lora's motion to vacate his sentence should be dismissed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: October 18, 2007
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge