UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANCISCO LORA,                                        :

                                                            03 Cr. 134
            Movant,                                    :    07 Civ. 6936 (JSR) (GWG)

    -v.-                                                      :    SECOND REPORT AND
                                                           RECOMMENDATION
UNITED STATES OF AMERICA,                      :

                 Respondent.                  :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       On October 18, 2007, this Court issued a Report and Recommendation in this matter, familiarity with which is assumed. See Report and Recommendation, filed Oct. 19, 2007 (Docket # 4) ("First Report").[1]

       In the First Report, the Court noted that Lora had not responded to an Order from Judge Wood indicating that the motion he filed (assumed to be a motion to vacate under 28 U.S.C. § 2255) was untimely. See Order, filed Aug. 2, 2007 (Docket # 2) ("August 2 Order"), at 3-4. Accordingly, it was recommended that Lora's petition be dismissed.

       Subsequent to the issuance of the First Report, however, Lora's counsel, newly-appointed for his appeal, wrote a letter to the Court indicating that he had come into possession of an affirmation by Lora dated August 11, 2007, that was responsive to the August 2 Order. See Letter from Michael K. Bachrach to Hon. Jed S. Rakoff, dated Nov. 5, 2007. Lora told counsel that he had mailed the affirmation to the Court in a timely fashion. Id.

       While there is no record of receipt of such an affirmation, the Court will assume that it was timely submitted and has now docketed it. See Affirmation of Francisco Lora, filed Nov. 9, 2007 (Docket # 156 in 03 Cr. 134) ("Lora Aff.").

       The affirmation, however, does not change the result in this case. In the affirmation, Lora asserts that his petition should not be time-barred because he has been "under pshychiatrict [sic] treatment . . . for extreme depression due to his mother's health situation." Lora Aff. at 1. Lora also states that his "father . . . suffered a stroke and other family illnesses." Id. at 1-2. Separately, Lora asserts that the materials and facilities available for "law research" at the Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania, where he is currently incarcerated, are inadequate. Id. at 2. Lora states that because there are only five typewriters and two computers made available to inmates for "law research . . . it [is] almost impossible to

---

      [1] Unless otherwise indicated, all docket numbers cited refer to the docket 07 Civ. 6936.

get a turn on the computer . . . ." Id. at 2. Lora also requests assistance of counsel "based on his mental health condition and the fact that [he] does not know the procedure that he must follow at court, nor [are] there adequate law books or assistance where he is presently incarcerated." Id. at 2.

The Second Circuit Court of Appeals has held that only in "'rare and exceptional circumstances' [may] a petitioner . . . invoke the courts' power to equitably toll the [habeas corpus] limitations period." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000)), cert. denied, 546 U.S. 961 (2005).[2] Such tolling is available where the petitioner shows that "extraordinary circumstances prevented him from filing his petition on time." Smith, 208 F.3d at 17. Further, he must "have acted with reasonable diligence throughout the period he seeks to toll." Id.; accord Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))).

Lora has not met this exacting standard. First, while "[s]erious physical or mental illness could constitute extraordinary circumstances" sufficient to toll the statute of limitations, Bey v. Payant, 2007 WL 1300779, at *4 (S.D.N.Y. May 2, 2007), the "petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period." Rhodes v. Senkowski, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000); accord Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) ("a petitioner must demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue"); cf. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (in employment discrimination case, no equitable tolling of deadline based on mental illness because the plaintiff's allegations lacked a "particularized description of how [plaintiff's] condition adversely affected her capacity to . . . pursu[e] . . . her rights").

Lora states that he is seeing a psychiatrist for depression due to the illnesses of his parents. Lora Aff. at 1. He does not, however, explain how his condition prevented him from pursuing his legal rights. A conclusory allegation of incapacitation due to illness or depression such as Lora's is insufficient to toll the statute of limitations. See e.g., Victorial, 477 F. Supp. 2d

---

[2] While most case law on equitable tolling, such as Doe and Smith, arises from petitions brought pursuant to 28 U.S.C. § 2254, the same doctrine is routinely applied to a motion to vacate under 28 U.S.C. § 2255. See, e.g., Burrell v. United States., 467 F.3d 160, 167 n.6 (2d Cir. 2006), cert. denied, 127 S. Ct. 2031 (2007); Villanueva v. United States, 346 F.3d 55, 63 (2d Cir. 2003), cert. denied, 542 U.S. 928 (2004); Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); cf. Littlejohn v. Artuz, 271 F.3d 360, 363 n.1 (2d Cir. 2001) ("sections 2254 and 2255 are generally seen as in pari materia and therefore the reasoning of [cases] in the context of § 2255 petitions applies equally to § 2254 petitions") (internal quotation marks and citation omitted).

at 655 (petitioner's statement that he has "been diagnosed with a mental disorder" insufficient to show incapacitation); Williams v. Phillips, 2005 WL 1072711, at *7 (E.D.N.Y. Apr. 29, 2005) (petitioner's "'own conclusions'" that he is ill are insufficient to "establish that he was incapable of filing a timely habeas petition" (quoting Barbosa v. USA, 2002 WL 869553, at *2 (S.D.N.Y. May 3, 2002))); Nash v. McGinnis, 2005 WL 1719871, at *3 (S.D.N.Y. July 22, 2005) ("[Petitioner's] summary references to his mental illness and alleged incompetence are not sufficient to warrant equitable tolling.").

In addition, "[f]or a mental impairment to justify equitable tolling . . . the party invoking the doctrine must show that 'he was so incapable of rational thought that he could not appreciate his situation, or lacked the wherewithal to ascertain that he must take legal steps.'" United States v. Williams, 2006 WL 2034642, at *3 (S.D.N.Y. July 19, 2006) (quoting Simpson v. Greene, 2003 WL 22999489, at *2 (S.D.N.Y. Dec. 22, 2003)). Lora does not suggest that his mental condition has changed since the date judgment was entered. Lora was found competent to enter a plea of guilty. See Transcript of June 23, 2004 Proceeding, filed July 28, 2004 (Docket # 46 in 03 Cr. 134), at 5. Prior to filing the petition in this case, Lora filed a motion to permit the filing of a delayed notice of appeal in the Second Circuit. See United States v. Lora, No. 07-2582 (2d Cir. June 15, 2007). Nothing in the record would permit the conclusion that Lora was not mentally capable of filing his petition timely.

Furthermore, courts have routinely held that mental and physical conditions more debilitating than Lora's do not rise to the level of extraordinary circumstances. See, e.g., Mendez v. Artuz, 2000 WL 991336, at *2 (S.D.N.Y. July 19, 2000) (petitioner claimed to be taking eleven different pills a day for diabetes and high blood pressure, and was "constantly going in and out of the hospital"); Cannon v. Kuhlmann, 2000 WL 1277331, at *2 (S.D.N.Y. Sept. 7, 2000) (low intelligence, learning disability, loss of memory, and use of psychiatric medication); Rhodes, 82 F. Supp. 2d at 164 (S.D.N.Y. 2000) (extreme headaches, depression, hypertension, weight loss, fungal infection, and a chest disorder brought on by AIDS that required three hospitalizations in one year period).

Lora also points to inadequate legal materials and research facilities at the prison, as well as his lack of legal knowledge, as reasons for the delay in filing his petition. Lora Aff. at 2. Difficulties in pursuing a habeas petition created by the "'routine restrictions of prison life,'" however, are not extraordinary circumstances for purposes of equitable tolling. Martinez v. Kuhlmann, 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999) (Report and Recommendation) (quoting Atkins v. Harris, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999)), adopted by, 2000 WL 622626 (S.D.N.Y. May 15, 2000); accord Belot v. Burge, 490 F.3d 201, 204 (2d Cir. 2007) (upholding district court decision that prison lockdowns preventing access to library are "sufficiently routine that they [do] not qualify as an extraordinary circumstance") (internal quotation omitted), petition for cert. filed, Nov. 5, 2007 (No. 07-7548); Rodriguez v. United States, 2007 WL 998197, at *1 (S.D.N.Y. Apr. 2, 2007) ("explanations for the delay . . . such as . . . limited access to law library services . . . are inadequate"); Amante v. Walker, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) ("Generally, transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court

3

documents do not by themselves qualify as extraordinary circumstances.").[3] "Furthermore, it is well-settled that neither a defendant's purported 'unfamiliarity with the legal process nor his lack of representation during the applicable filing period merit[] equitable tolling.'" Williams, 2006 WL 2034642, at *3 (quoting Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999), and citing Smith, 208 F.3d at 17).

Accordingly, because Lora is not entitled to a tolling of the period for filing his habeas petition, it is time-barred.

Conclusion

Lora's motion to vacate his sentence should be dismissed.[4]
.
## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 21, 2007
        New York, New York

---

[3] While a prison authority's discretionary deprivation of access to legal materials might warrant an equitable toll for the period of the deprivation, Hizbullanhankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925 (2002), there is no claim of such a discretionary deprivation here.

[4] The Court notes that on November 5, 2007, subsequent to the issuance of the First Report, Chief Judge Wood entered a Judgment dismissing Lora's petition (Docket # 5) on the assumption that Lora had not responded to her August 2 Order. It also appears that Judge Wood was not aware that the case had been re-assigned to Judge Rakoff. Moreover, because the case had been re-assigned to Judge Rakoff, Judge Wood was not sent a copy of the First Report. Thus, the judgment does not reflect that the First Report was considered. Accordingly, it is recommended that the court either (1) issue an order indicating that it adheres to the previously-entered judgment dismissing the petition, or (2) vacate the prior judgment and issue a new judgment reflecting consideration of this Report and Recommendation.

4

                                                _____
                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

Francisco Lora
08578-054
CI Moshannon Valley
Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866

Michael K. Bachrach, Esq.
276 Fifth Avenue, Suite 501
New York, NY 10001

Eric J. Snyder
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007

Hon. Jed S. Rakoff
United States District Judge

_[signature]_
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Francisco Lora
08578-054
CI Moshannon Valley
Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866

Michael K. Bachrach, Esq.
276 Fifth Avenue, Suite 501
New York, NY 10001

Eric J. Snyder
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007

Hon. Jed S. Rakoff
United States District Judge