DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCISCO LORA,                                             :
                                                            :      03 Cr. 134
                    Movant,                                 :      07 Civ. 6936 (JSR) (GWG)
                                                            :
        -v.-                                                :      THIRD REPORT AND
                                                            :      RECOMMENDATION
UNITED STATES OF AMERICA,                                   :
                                                            :
                    Respondent.                             :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

On June 2, 2005, Francisco Lora pled guilty to a drug conspiracy charge, 21 U.S.C. § 846. Lora was sentenced principally to 120 months imprisonment. A judgment of conviction was filed on June 13, 2005, and entered on the docket on October 17, 2005 (Docket # 63 in 03 Cr. 134). On June 14, 2007, the Pro Se Office received from Lora a "Motion for reduction of sentence to the go[v]ernment[;] used illegal process for establish prior conviction of defendant," filed Aug. 2, 2007 (Docket #1) ("Motion").[1] The basis for this motion was asserted to be 18 U.S.C. § 851(e) – presumably a reference to 21 U.S.C. § 851(e), which deals with the use of prior convictions in sentencing for drug crimes. Id. Lora also referred to 18 U.S.C. § 3742 – a statute governing appeals. Id. His arguments in support of the motion asserted that his sentence should not have been enhanced by a prior conviction and that his counsel was ineffective for failing to object to and file a notice of appeal on the basis of this enhancement. Id. ¶¶ 1-6. On October 18, 2007, this Court issued a Report and Recommendation in this matter. See Report and Recommendation, filed Oct. 19, 2007 (Docket # 4) ("First Report"). In the First Report, the Court noted that Lora had not responded to an Order from Judge Wood indicating that the motion he filed (assumed to be a motion to vacate under 28 U.S.C. § 2255) was untimely. See id. at 2. Accordingly, it was recommended that Lora's petition be dismissed.

Subsequent to the issuance of the First Report, however, Lora's counsel, newly-appointed for his appeal, wrote a letter to the Court indicating that he had come into possession of an affirmation by Lora dated August 11, 2007, that was responsive to the August 2 Order. See Report and Recommendation, filed Nov. 21, 2007 (Docket # 6) ("Second Report"), at 1. Lora told counsel that he had mailed the affirmation to the Court in a timely fashion. Id. While there was no record of receipt of such an affirmation, the Court assumed that it was timely submitted and docketed it. See id.

In the affirmation, Lora asserted a number of reasons why he was allegedly unable to file a timely petition, including the fact that he had been under psychiatric treatment and did not have materials sufficient for legal research. Id. In the Second Report, we found that the matters Lora

---

[1] Unless otherwise indicated, all docket numbers cited refer to the docket 07 Civ. 6936.

materials sufficient for legal research. Id. In the Second Report, we found that the matters Lora raised did not justify tolling of the habeas corpus limitations period and recommended that the motion to vacate be denied as untimely. See id. at 2-4. No objection was filed to this Report and Recommendation and it was adopted by the district court. See Order, filed Mar. 3, 2008 (Docket # 8).

Lora has now filed a "Motion for Reconsideration Under Local Civil Rule 6.3," filed Feb. 5, 2009 (Docket # 169 in 03 Cr. 134). In it, he asserts that his counsel failed to file a timely notice of appeal and that this failure constitutes ineffective assistance of counsel. Id. at 4-5. He also asserts that his plea allocution was not knowing and voluntary. Id. at 6. He also asks again for equitable tolling "if this Court decides [that the petition] is time-barred." Id.

This motion should be denied. To the extent it is meant to be a motion pursuant to Local Civil Rule 6.3 – assuming that rule even applies in a criminal case – it is both untimely and fails to point to any "matters or controlling decisions . . . the court has overlooked." Lora's arguments regarding equitable tolling are essentially the same as those previously considered by the Court and do not change the result previously reached.

To the extent the motion makes any new claims attacking his conviction – such as the alleged deficiencies in his plea allocution or ineffective assistance of counsel – the motion would have to be construed as a second or successive habeas petition because "it raises claims concerning the same conviction to which his prior § 2255 motion was addressed." Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996). A second or successive petition cannot be considered by this court, however, because it has not been certified by the Court of Appeals pursuant to 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b). Accordingly, if the motion were construed as raising new claims, it would have to be dismissed. See 28 U.S.C. § 2244(b)(4).[2]

Conclusion

Lora's motion for reconsideration (Docket # 169 in 03 Cr. 134) should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any

---

[2] It appears from the docket sheet that Lora previously sought and was denied such a certification. See Mandate of the United States Court of Appeals for the Second Circuit, filed Apr. 18, 2008 (Docket # 9).

request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 23, 2010
    New York, New York

                                        GABRIEL W. GORENSTEIN
                                        United States Magistrate Judge

Copies sent to:

Francisco Lora
08578-054
MVCC (C-4)
555 I Cornell Drive
Philipsburg, PA 16866

Eric J. Snyder
U.S. Attorney's Office
One St. Andrew's Plaza
New York, NY 10007