```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
FRANCISCO LORA,                      :
                                     :      03 CR 134
               Movant,               :      07 CV 6936(JSR)
                                     :
         -v-                         :          ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
               Respondent.           :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.
```

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6-18-10]

On March 24, 2010, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending denial of Lora's motion for reconsideration filed pursuant to Local Civil Rule 6.3. Lora timely filed a written objection to the Report, received on April 7, 2010. Accordingly, the Court has reviewed the motion and the underlying record de novo. Having done so, the Court denies the motion, essentially for the reasons set forth in the Report.

Local Civil Rule 6.3 applies to Lora's motion. See Nicholson v. United States, 580 F. Supp. 2d 295, 295 (S.D.N.Y. 2008); Mallet v. Miller, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006). At the time this motion was filed, Local Civil Rule 6.3 provided that, "[a] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion."[1] Davis v. Leonardo, No.

---

[1] Rule 6.3 Motion for Reconsideration or Reargument (amended effective December 1, 2009)("Local Civil Rule 6.3"). Local Civil

93 Civ. 2931 (MGC), 2005 WL 1531910, at *1 (S.D.N.Y. 2005). The Court's order was entered March 3, 2008, and Lora's motion was filed February 5, 2009. Accordingly, Lora's motion is untimely. Even if the motion were timely, Lora has failed to demonstrate controlling law or factual matters that he believes the Court has overlooked. See Local Civil Rule 6.3; Eisemann v. Greene, 204 F.3d. 393, 395 n.2 (2d Cir. 2000).

To the extent the motion raises any new claims, it must be construed as a habeas petition pursuant to 28 U.S.C. § 2255. If so construed, this motion is a second or successive habeas petition because "it raises claims concerning the same conviction to which his prior § 2255 motion was addressed." Liriano v. United States, 95 F.3d 119, 122 (2d. Cir. 1996). A second or successive habeas petition cannot be considered by this Court because it has not been certified by the Court of Appeals pursuant to 28 U.S.C. 2255(h) and 28 U.S.C. 2244(b). Lora has not presented any new arguments to meet the exacting standard for equitable tolling that have not previously been considered by this Court and found to be inadequate. See Order, filed March 3, 2008 (Docket # 8).

Accordingly, for all of the foregoing reasons, the Court dismisses the motion, with prejudice.

Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

June 16, 2010